**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

HENRY J. JAQUEZ,                                )
                                                )
            Plaintiff,                          )
                                                )
vs.                                             )        Case No. 07-CV-498-GKF-FHM
                                                )
CINDY NEWELL;                                   )
SANDY HOUSLEY,                                  )
                                                )
            Defendants.                         )

## OPINION AND ORDER

On September 5, 2007, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil

rights complaint (Dkt. #1) alleging that his civil rights were violated while he was a pretrial detainee

at the Creek County Jail ("CCJ"). The Court granted Plaintiff's motion to proceed *in forma pauperis*

and directed Plaintiff to file an amended complaint to cure deficiencies in his pleading.  See Dkt.

# 3. On September 18, 2007, Plaintiff filed the amended complaint (Dkt. # 5) presently before the

Court. On November 21, 2007, Plaintiff filed a supplement (Dkt. # 9) to his amended complaint.

On January 23, 2008, defendants filed a court-ordered Special Report (Dkt. # 16), along with

supporting exhibits. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Worley v. Sharp, 724

F.2d 862 (10th Cir. 1983). After the Court denied a motion to dismiss for failure to exhaust

administrative remedies, see Dkt. # 24, Defendants Cindy Newell and Sandy Housley, both

identified as nurses at the CCJ, filed a motion to dismiss, or alternatively, motion for summary

judgment (Dkt. # 25). Plaintiff filed a response to the motion to dismiss/summary judgment (Dkt.

# 26). For the reasons discussed below, the Court finds that Defendants' reurged request to dismiss

this action for failure to exhaust administrative remedies should be denied. Defendants' motion for

summary judgment should be granted. The motion to dismiss for failure to state a claim should be declared moot.

### BACKGROUND

The record reflects that on June 26, 2007, Plaintiff was arrested and booked into the CCJ. In his amended complaint, Plaintiff identifies two (2) claims related to medical care provided by Defendants at the jail.  In the spaces provided for identifying causes of action and supporting facts, he writes the following in narrative form:

> Claim 1:    Both these nurses, Cindy Newell and Sandy Housley, run all the medical treatment here.  Their job is to make sure we are taken care of properly by medical needs as to myself. They both have failed to get me the proper treatment I need for a dental concern. I have had a wisdom tooth pushing threw [sic] my gums for months. Filed [sic] out medical request and still no treatment.

> Claim 2:    I was booked in and filed mental. Both nurses failed to get me treatment I needed from a doctor for several months. They are supposed to be professionals and do their job right. I am now on meds for mental. Both nurses failed to get me treatment for months, and still I haven't got treatment dental wise. It is deliberate indifference, by both nurses.  The pain is hurting me inside and out. It is unbarable [sic].

(Dkt. # 5).  As relief, Plaintiff seeks "a complete pysical [sic], and I believe I am entitled to compensation of relief for pain and suffering for months."  See Dkt. # 5.

### ANALYSIS

**A.  Exhaustion of administrative remedies**

As a preliminary matter, the Court shall address Defendants' assertion, as reurged in their motion to dismiss/motion for summary judgment, see Dkt. # 25 at 9-10, that this action should be dismissed for failure to exhaust administrative remedies. The record reflects that Defendants previously filed a motion to dismiss (Dkt. # 17) seeking dismissal based on Plaintiff's failure to

exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).  Plaintiff filed a response (Dkt. # 21) to the motion, alleging that he had been unable to exhaust administrative remedies because CCJ officials denied all of his requests for grievance forms.  Based on that assertion, the Court directed counsel for Defendants to file a reply to Plaintiff's response.  No reply was filed.[1] Therefore, the Court denied the motion to dismiss, finding that Plaintiff had raised an issue relative to the failure of jail officials to provide grievance forms to Plaintiff, thus rendering administrative remedies unavailable.  See Dkt. # 24.  The Court further ordered Defendants to file answer(s) and/or dispositive motion(s) to respond to the claims raised in the amended complaint. Id.

On June 20, 2008, counsel for Defendants filed the motion to dismiss/motion for summary judgment presently before the Court.  In that motion, counsel continues to assert that Plaintiff has failed to exhaust administrative remedies and requests that the Court reconsider the issue.  Counsel asserts the following:

> a copy of every "Request to Staff" completed by Jaquez is attached hereto. Not one time did Jaquez request a grievance form. Further, the affidavit of Paul Mathews is attached which clearly sets out that at no time has Jaquez requested or filed a grievance as required by the Inmate Grievance Procedure.  There has been no interference with Jaquez's ability to comply with the procedure other than his own refusal to do so.  Thus, the nurses would respectfully request that the Court reconsider this issue and dismiss the matter for Jaquez's failure to exhaust his administrative remedies.

(Dkt. # 25 at 10).  Attached to the motion to dismiss/motion for summary judgment are fifteen (15) Requests to Staff submitted by Plaintiff, see Dkt. # 25, Ex. N, and the Affidavit of Paul Mathews, Chief of Security at the CCJ, see Dkt. # 25, Ex. O.  None of the Requests to Staff provided by

---

[1]In the motion to dismiss/motion for summary judgment, counsel explains that "[t]he nurses failed to file such reply due to their counsel's inadvertent archiving of the electronic communication from the Court."  See Dkt. # 25 at 9.

counsel contains a request for grievance forms.  In his Affidavit, Mr. Mathews reviews the CCJ policies and states that "[i]f an inmate wishes to file a grievance to that response, a grievance form is provided to the inmate." Id. at ¶ 5.  He also states that "I have never denied this inmate a grievance form and to my knowledge, no other employee of the jail has ever denied him that form." Id. at ¶ 7.

On June 30, 2008, Plaintiff filed a response (Dkt. # 26) to Defendants' motion to dismiss/motion for summary judgment.  In direct contravention of the averments made by counsel for Defendants and by Mr. Mathews, Plaintiff has provided copies of three (3) Requests to Staff, dated 8-14-07, 7-30-07, and 8-4-07. See Dkt. # 26, attachments. Each contains a request for grievance forms.  Id. Despite counsel's assurance that a copy of every "Request to Staff" completed by Plaintiff is attached to the motion, none of the Requests to Staff provided by Plaintiff are included as part of Exhibit N. Also, contrary to statements made by Mr. Mathews in his Affidavit, Plaintiff has produced evidentiary materials raising a genuine issue of material fact as to whether he requested grievance forms which he did not receive. In the absence of an explanation for the discrepancies, it appears that jail officials may have omitted the Requests to Staff subsequently provided by Plaintiff or deleted them from their records.

The Court recognizes the challenges inherent in addressing the health and safety concerns of an often hostile jail population. Nonetheless, CCJ officials cannot frustrate a prisoner's efforts to comply with the exhaustion requirement required for filing a federal lawsuit and then request that a lawsuit be dismissed because the prisoner failed to exhaust administrative remedies. The Court urges the Creek County District Attorney and Creek County Jail officials to investigate the handling of Requests to Staff and Grievances at the jail. The evidentiary materials provided by Plaintiff raise

serious concerns as to whether administrative remedies are unavailable at the CCJ.  Defendants'

request to reconsider the previous denial of their motion to dismiss for failure to exhaust

administrative remedies shall be denied.

## B.  Summary judgment standards

The Court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c).  When reviewing a motion for summary judgment, the Court must view the evidence

in the light most favorable to the nonmoving party.  Applied Genetics Int'l, Inc. v. First  Affiliated

Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on

its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to

those dispositive matters for which it carries the burden of proof."  Id. The Court cannot resolve

material factual disputes at summary judgment based on conflicting affidavits.  Hall v.  Bellmon,

935 F.2d 1106, 1111 (10th Cir. 1991).  However, the mere existence of an alleged factual dispute

does not defeat an otherwise properly supported motion for summary judgment.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48  (1986).  Only material factual disputes preclude

summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits

must be based on personal knowledge and set forth facts that would be  admissible in evidence.  Id.

Conclusory or self-serving affidavits are not sufficient.  Id.  If the evidence, viewed in the light most

favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the

moving party is entitled to judgment as a matter of law.  See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the Martinez Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the Plaintiff has presented conflicting evidence. Id. at 1111. The Plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe Plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## C.  Plaintiff's claims

In this case, Plaintiff complains that his requests for dental treatment and for psychological medications were not responded to promptly. See Dkt. #s 5, 9. To state a § 1983 claim for a violation of a convicted prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although Plaintiff may have been incarcerated at the CCJ as a pretrial detainee rather than as a convicted prisoner, his right to receive adequate medical care is nonetheless protected by the Fourteenth Amendment and the standard for evaluating his claim under the Fourteenth Amendment is the same. Plaintiff must allege "deliberate indifference to serious medical needs." Meade v. Grubbs, 841 F.2d 1512, 1530 (10th Cir. 1988); Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985).

"Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that the deliberate indifference standard under Estelle has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Id. at 298-99. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993). In addition, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir.2001).

After reviewing the record, the Court finds Defendants are entitled to summary judgment on Plaintiff's claims of inadequate medical care. As to Plaintiff's claim arising from treatment provided for an erupted wisdom tooth, the records provided as part of the Special Report and in support of the motion to dismiss/motion for summary judgment indicate that on June 27, 2007, or the day after Plaintiff was booked into the CCJ, Defendant Newell wrote in her Nurse's Notes that Plaintiff complained of, *inter alia*, dental problems. See Dkt. # 25, Ex. E. Defendants' records contain one Medical Request submitted by Plaintiff on August 1, 2007, complaining that a wisdom tooth was coming in and requesting that the tooth be pulled. Id., Ex. K. In the "Outcome of Visit" section of the form, the examiner wrote "no swelling or sign of emergency." Id. In response, Plaintiff has submitted a "Request to Staff" dated August 14, 2007, and addressed to Sgt. Mathews, complaining

of, *inter alia*, the lack of treatment he received and requesting grievance forms.  See Dkt. # 26, attachment. On December 6, 2007, after having commenced the instant lawsuit, Plaintiff was examined by Dr. Ward.[2] See Dkt. # 25, Ex. L. As part of his "Physician's Orders," Dr. Ward noted mild tenderness, no swelling and no infection, and prescribed Tylenol as needed. Id. Nonetheless, CCJ official scheduled an appointment with Scott Breland, D.D.S.  On December 17, 2007, Dr. Breland extracted the wisdom tooth.  See Dkt. # 25, Ex. M. Dr. Breland noted "[t]here was no infection or swelling associated with this tooth . . . My professional opinion is there was no sign of an emergency situation requiring immediate attention." Id.

Plaintiff has failed to provide any evidence controverting the evidence of treatment provided by Defendants.  Nothing in the record suggests that Plaintiff's wisdom tooth posed a serious threat to his health.  The tooth was examined by CCJ medical personnel. There was no swelling or sign of infection.  He was prescribed Tylenol for pain.  The tooth was ultimately extracted.  The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the adequacy of treatment provided to Plaintiff for his wisdom tooth. The record does not indicate that Defendants were deliberately indifferent to a serious medical need.

As to Plaintiff's second claim concerning his request for psychiatric medications, the record reflects that at the time of booking, Plaintiff requested to see a psychiatrist and that he "get put on meds."  Dkt. # 25, Exs. E, F.  He indicated that he had not taken any medications for over a year. Id.  The record also contains a "Physician's Order," dated August 2, 2007, reflecting a finding by Dr. Ward that Plaintiff stopped taking medications of his own accord in 2005, and indicating his intention to receive a psychiatric evaluation.  See Dkt. # 25, Ex. I. In a letter dated August 13, 2007,

---

[2]Defendants indicate that Dr. Ward is a physician employed by the CCJ. See Dkt. # 25 at 2.

and addressed to Creek County District Judge Martin, a forensic psychologist at the Oklahoma Forensic Center reported the results of Plaintiff's court-ordered competency evaluation. See Dkt. # 25, Ex. H. The examiner determined that Plaintiff was competent to stand trial and stated that "[a]lthough Mr. Jaquez is currently claiming a number of symptoms of mental illness and reportedly made a recent suicide attempt, it is the opinion of this examiner that he is malingering such symptoms." Id. Nonetheless, the "Inmate Med Verification Log" reflects that by August 22, 2007, Plaintiff had been prescribed and was receiving psychiatric medications. See Dkt. # 25, Ex. J.

As to his second claim, Plaintiff has again failed to provide any evidence controverting the evidence of treatment provided by Defendants. Plaintiff's psychiatric records were obtained and examined by CCJ health officials. He was ultimately prescribed psychiatric medications. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the adequacy of treatment provided to Plaintiff for mental health. The record does not indicate that Defendants were deliberately indifferent to a serious medical need.

In summary, after reviewing the record in the light most favorable to Plaintiff, the Court finds Plaintiff has failed to demonstrate that either named Defendant acted with deliberate indifference to a serious medical need. Plaintiff has provided no evidence controverting the summary judgment evidence provided by Defendants. Plaintiff received treatment for his erupted wisdom tooth. He also received psychiatric medication. To the extent Plaintiff complains that his dental and psychiatric conditions were not treated promptly, Plaintiff has failed to demonstrate that he suffered any harm as a result of any delay in treatment. Oxendine, 241 F.3d at 1276. At most, the record before the Court demonstrates that Plaintiff simply disagreed with the course of treatment he was provided by Defendants at CCJ. As stated above, differences in judgment between an inmate

and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim.  Westlake, 537 F.2d at 860 n.5.

 Finding no genuine issue of material fact as to the adequacy of the medical care provided to Plaintiff, the Court concludes that Defendants are entitled to judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    Defendants' reurged request to dismiss for failure to exhaust administrative remedies (Dkt. # 25) is **denied**.

2.    The Creek County District Attorney and Creek County Jail officials are urged to investigate the handling of Requests to Staff and Grievances to insure that personnel comply with jail policies and that inmates' efforts to exhaust administrative remedies are not frustrated.

3.    Defendants' motion for summary judgment (Dkt. # 25) is **granted**.

4.    Defendants' motion to dismiss for failure to state a claim (Dkt. # 25) is **declared moot**.

5.    The Clerk is directed to send a copy of this Order to Paul Mathews, Chief of Security at Creek County Jail.

6.    This is a final Order terminating this action.

ORDERED THIS 27th day of February, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

10